STATE OF MINNESOTA

IN SUPREME COURT

A15-0567

In re Petition for Disciplinary Action against
Todd Allen Duckson, a Minnesota Attorney,
Registration No. 219125.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action (the petition) alleging that respondent Todd Allen Duckson committed professional misconduct warranting public discipline, namely, while managing, owning, and acting as a lawyer for various investment funds, committing securities fraud and engaging in a pattern of related dishonest conduct for personal gain and having a conflict of interest, in violation of Minn. R. Prof. Conduct 1.7(a)(1) and (a)(2), 4.1, and 8.4(c).

The parties filed a stipulation for discipline. In it, respondent waived his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admitted the allegations in the petition. The parties recommended that the appropriate discipline is an indefinite suspension with no right to petition for reinstatement for 30 months. Respondent acknowledged in the stipulation that, "based upon these admissions, this Court may impose any of the sanctions set forth in Rule 15(a)(1)-(9), RLPR, including making any disposition it deems appropriate" and that the Director had not made "any representations as to the sanctions the Court will impose."

1

We issued an order to show cause, directing the parties, in part, to show cause why respondent should not be subject to more severe discipline. The parties have filed responsive memoranda with the court.

Respondent has admitted to playing a principal role in a substantial fraud. The allegations in the petition to which respondent has admitted indicate that respondent was directly involved in a scheme to defraud hundreds of investors in a real estate investment fund (the Fund) that took place over more than 1 year. This scheme included making material misrepresentations and omissions in documents given to investors. During the relevant time period, respondent was a lawyer for the Fund and the Fund's investment manager. Respondent has admitted to being a primary drafter of the investment documents and to eventually having total control of the Fund and having final sign-off authority on the documents given to investors.

Respondent's admissions include that "[t]he Fund, under respondent's management, misstated and omitted key information in its representations to its partners, investors and brokers. Although the [confidential offering memoranda] contained warnings about risk, those warnings were buried in the midst of false or misleading statements, so that the total mix of information violated securities laws." Respondent also admitted that "[b]urying significant information" about the financial insolvency of the Fund's key source of revenue "in the later portions" of investment documents and "choosing abstract and confusing terminology was done in an attempt to deceive investors."

2

Respondent has further admitted that the Securities and Exchange Commission (SEC) filed a securities fraud suit against him and others in the United States District Court for the District of Minnesota. Following a trial, a jury concluded respondent violated Section 10(b) of the Exchange Act of 1934, 15 U.S.C.A. § 78j(b) (2015 Supp.), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (2014), and violated Section 17(a)(1)-(3) of the Securities Act of 1933, 15 U.S.C.A § 77q(a)(1)-(3) (2009 and 2015 Supp.). The federal district court ordered the disgorgement of over $16 million in ill-gotten gains related to this fraud. This $16 million included $12 million in "ill-gotten gains" the Fund raised from investors between March 2008 and December 2009 at a time when the federal court found that the Fund had no meaningful income and substantial liabilities and could not have sustained itself without these investments. It also included $2.9 million respondent and a company he owned and controlled were ordered to disgorge and $1.4 million respondent was ordered to disgorge. Respondent filed an appeal with the Eighth Circuit, and that appeal is still pending.

Respondent's admissions include that he violated both Minn. R. Prof. Conduct 4.1 (prohibiting a lawyer from "knowingly mak[ing] a false statement of fact or law" while representing a client) and 8.4(c) (prohibiting a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation").

"The purpose of disciplinary sanctions is 'not to punish the attorney but rather to protect the public, to project the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys.' " *In re Greenman*, 860 N.W.2d 368, 376 (Minn. 2015) (quoting *In re Rebeau*, 787 N.W.2d 168, 173 (Minn. 2010)). Based on

3

the scope of respondent's fraudulent conduct, the fact that it occurred within the practice of law, the harm that it caused, and respondent's financial benefit from it, we conclude that the parties' recommended disposition is insufficient to protect the public and the judicial system and to deter future misconduct. As a result, we reject the parties' recommended suspension and conclude that an appropriate disposition is an indefinite suspension with no right to petition for reinstatement for 5 years.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Todd Allen Duckson is indefinitely suspended from the practice of law, effective 14 days from the date of the filing of this order, with no right to petition for reinstatement for 5 years.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

4

Dated: August 19, 2015

BY THE COURT:

_____
Alan C. Page
Associate Justice

5